# United States District Court

EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| MARLA ELISE JACKSON | § | |
| | § | Civil Action No. 4:19-CV-256 |
| v. | § | Judge Mazzant/Judge Nowak |
| | § | |
| CONIFER REVENUE CYCLE | § | |
| SOLUTIONS, LLC | § | |

## MEMORANDUM ADOPTING REPORT AND
## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On December 17, 2019, the report of the Magistrate Judge (Dkt. #26) was entered containing proposed findings of fact and recommendations that Plaintiff's Motion to Vacate AAA Arbitrator's Order Granting Motion to Dismiss with Prejudice (Dkt. #12) be denied, and Defendant Conifer Revenue Cycle Solutions, LLC's Motion for Summary Judgment (Dkt. #13) be granted. Having received the report of the United States Magistrate Judge, having considered Plaintiff's Objections (Dkt. #28), Defendant's Response (Dkt. #29), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted.

## RELEVANT BACKGROUND

The facts are set out in detail by the Magistrate Judge and are repeated herein only to the extent necessary. Plaintiff alleges her former employer Defendant Conifer Revenue Cycle Solutions, LLC discriminated against her (Dkts. #1, #12). After receiving her right-to-sue letter from the Equal Employment Opportunity Commission on January 13, 2018, Plaintiff filed suit 67 days later, on March 21, 2018. *See Marla E. Jackson v. Conifer Health Solutions, et al.*, No. 4:18-CV-00192, in the United States District Court for the Eastern District of Texas, Sherman

Division (Plaintiff's "First Suit"). The Court thereafter granted Defendant's Unopposed Motion to Compel Arbitration and dismissed Plaintiff's First Suit on July 17, 2018, 118 days after its commencement (First Suit Dkt. #13). Plaintiff made her demand for arbitration on August 28, 2018, 42 days after the First Suit was dismissed and 227 days after receipt of the EEOC Notice of Rights (Dkt. #13-6).

Disputes arose between the Parties related to the arbitration locale and selection of the arbitrator. Ultimately, the American Arbitration Association ("AAA") set the arbitration location for Frisco, Texas, and appointed Bill Lamoreaux as arbitrator (Dkts. #15 at p. 8; #15-1 at pp. 14–15; #17 at p. 4). On March 6, 2019, Arbitrator Lamoreaux dismissed Plaintiff's arbitration as untimely, finding that even applying equitable tolling, Plaintiff's demand for arbitration was made outside of the 90-day requirement of the Federal Arbitration Act ("Arbitration Order") (Dkt. #13-4 at p. 7). Following issuance of the Arbitration Order, Plaintiff filed the instant suit, again alleging claims of discrimination and further seeking to vacate the arbitration award (Dkts. #1; #12). Defendant, in response, filed a Motion for Summary Judgment (Dkt. #13). The Magistrate Judge recommended Plaintiff's Motion be denied, and Defendant's Motion be granted, finding that under the Federal Arbitration Act there were no grounds to vacate the arbitration award (Dkt. #26).

On January 3, 2020, Plaintiff filed a Written Objection to the report (Dkt. #28). Plaintiff specifically objects that the report (1) failed to adequately give weight to Plaintiff's supporting affidavits; (2) improperly denied Plaintiff an opportunity to conduct discovery on the issue of partiality; (3) prematurely considered Defendant's Motion for Summary Judgment; (4) failed to find bias or partiality in either the alleged ex parte communications between Defendant and the AAA, or Defendant's untimely answer; and (5) failed to consider the partiality evinced by the

AAA in deciding the arbitration locale (Dkt. #28).[1]  Defendant filed a Response on January 16, 2020 (Dkt. #29), urging the Court to overrule each of Plaintiff's objections because Plaintiff does nothing more than rehash arguments fully briefed by the parties and considered (and rejected) by the Magistrate Judge.

## OBJECTION TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3).

### *Plaintiff's Affidavits*

In the report, the Magistrate Judge overruled Defendant's objections to Plaintiff's supporting documents submitted along with Plaintiff's Response to the Motion for Summary Judgment (Dkt. #26 at pp. 7-8).  Plaintiff complains that, after overruling the objections, the Magistrate Judge failed to properly consider Plaintiff's affidavit and that of her Atlanta arbitration representative, J.G. Long (Dkt. #28 at pp. 5–6).  Plaintiff articulates, "[t]he Judge clearly understood the importance of the affidavit, yet none of the relevant sworn evidence was ever brought up again or apparently considered in her decision Report and Recommendation" (Dkt. #28 at p. 6).  Defendant insists Plaintiff's objection lacks basis, explaining "[j]ust because the

---

[1] Although not labeled as a formal objection, Plaintiff also claims a four-year statute of limitations should apply to her underlying ADA claim (Dkt. #28 at pp. 15–16).  Plaintiff's request to vacate was not denied on statute of limitations grounds, and Plaintiff did not raise this issue before the Magistrate Judge. Similarly, to the extent Plaintiff now claims the statutory 90-day filing requirement is unreasonable, such an argument is irrelevant to the determination under 9 U.S.C. § 10(a) of the FAA.  As neither of these issues was before the Magistrate Judge, and each arguably goes to the underlying merits, the Court does not address these arguments.  *Vantage Deepwater Co. v. Petrobras Am. Inc.*, No. 4:18-CV-02246, 2019 WL 2161037, at *2 (S.D. Tex. May 17, 2019) ("The Court does not conduct a review of an arbitrator's decision on the merits, therefore arguments concerning the merits are irrelevant to the Court's determination of whether there are statutory grounds within Section 10(a) under which the arbitration award should be vacated.").

Magistrate Judge did not rely on or quote from the affidavits in her Report does not mean she failed to properly consider the evidence before her" (Dkt. #29 at p. 4).

Plaintiff's statement, and her representative's statement, expand upon Plaintiff's assertion that Arbitrator Lamoreaux was biased and/or partial to Defendant. Plaintiff avers, "[b]ased on the [D]efendant's conduct of initiating an ex parte conversation with AAA in order to get its untimely Answer submitted, . . . it is not a stretch to believe that the [D]efendant initiated and the arbitrator received an ex parte conversation which lead to a favorable dismissal ruling" (Dkt. #15-1 at p. 75). Similarly, her arbitration representative swears, "[f]rom my view, having a direct involvement with Plaintiff['s] case, I left the process with a clear perception that the process was one sided in favor of the [D]efendant" (Dkt. #15-1 at p. 76).

The Magistrate Judge fully discussed in the report each of the grounds under which an arbitration award may be vacated, including whether evidence of partiality or corruption existed. The Magistrate Judge further discussed at length each of the incidences stated in Plaintiff's supporting documents and upon which Plaintiff relies to advance her belief that partiality exists, including the extension of Defendant's deadline, arbitration locale, selection of the arbitrator, and arbitration award. Moreover, unsupported or subjective statements of opinion and suppositions such as those found in Plaintiff's supporting affidavits—"it is not a stretch believe"—do not create a factual dispute, and therefore, do not preclude the Court's granting of summary judgment.

### *Lack of Discovery and Prematurity of Motion*

Plaintiff's second and third objections center on the alleged need for discovery and the prematurity of Defendant's Motion for Summary Judgment. Plaintiff argues that,

> To deny [Plaintiff] the opportunity to discover evidence of partiality and/or corruption makes it plain that [Plaintiff] would not be able to produce evidence of partiality.

* * *

The intent in filing a Summary Judgement [sic] motion after discovery is to allow the parties to assert, before the court, any and all evidence gained through the process of investigation and discovery for the judge to rule on pre-trail [sic] evidence.

* * *

[In] this instant [sic] the court was more concerned with reducing congestion in the judicial system than the judicial rules of procedures . . . [Plaintiff] contends that a reasonable person would not have drawn a premature summary judgement [sic] partly to reduce congestion in the judicial system.

(Dkt. #28 at pp. 7–10). Defendant contends "Plaintiff's only evidence of partiality is the arbitrator's ruling itself," which is not enough to "breach" the high threshold of evident partiality (Dkt. #29 at p. 5). Defendant continues that no need exists to take the extraordinary step of conducting discovery here when it is clear Defendant is entitled to judgment as a matter of law and Plaintiff was given "every benefit of the doubt possible" and "failed to demonstrate that delay in considering Defendant's MSJ was warranted" (Dkt. #29 at pp. 5–6).

The Magistrate Judge considered Plaintiff's argument, explaining:

To the extent Plaintiff moves the Court to delay consideration of the instant Motion under Rule 56, Plaintiff has not met the Rule 56(d) standard or otherwise shown such delay is warranted. Plaintiff does not proffer what specific evidence she seeks, what factual bases require further development, or why such evidence would or should preclude the Court's current consideration of Defendant's Motion.

(Dkt. #26 at p. 11). "Rule 56(d) provides a mechanism for dealing with the problem of premature summary judgment motions . . . However, in order to justify such relief, the nonmoving party must show 'by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition.'" *United States v. Shoup*, No. 3:14-CV-4440-N-BK, 2017 WL 4535285, at *2 (N.D. Tex. Sept. 8, 2017), *report and recommendation adopted*, No. 3:14-CV-4440-N-BK, 2017 WL 4516453 (N.D. Tex. Oct. 10, 2017). Plaintiff's Objections suffer from the same defect as her previous Response (Dkt. #15); she does not elaborate on what specific discovery she seeks, what she expects to discover, or how such discovery will overcome the heavy burden of proving

5

evident partiality.  Simply stating discovery is needed to verify whether there is or was partiality for Defendant is not enough.

Further Plaintiff's assertion that she "made sufficient other allegations that the court must presume[] to be true in her response to [D]efendant's summary judgement [sic] motion" (Dkt. #28 at p. 10), misconstrues the summary judgment standard and the nature of Rule 56, particularly in connection with requests to vacate arbitration awards.  Pursuant to Rule 56, Defendant may file a motion for summary judgment "at any time until 30 days after the close of discovery."  The time provided for filing a motion, provides recognition that the "[s]ummary judgment procedure is a method for promptly disposing of actions in which there is no genuine issue as to any material fact."  Fed. R. Civ. P. 56 advisory committee's note to 1937 adoption.[2]  If the record is adequate to permit the court to decide the issues presented, no discovery need take place.  *See Legion Ins. Co. v. Ins. Gen. Agency, Inc.*, 822 F.2d 541, 542–44 (5th Cir. 1987).  In addition, judicial review of an arbitration award is "extraordinarily narrow" and "exceedingly deferential."  *Antwine v. Prudential Bache Sec., Inc.*, 899 F.2d 410, 413 (5th Cir. 1990); *Brabham v. A.G. Edwards & Sons Inc.*, 376 F.3d 377, 380 (5th Cir. 2004).  "The burden of proof [in connection with review of an arbitration order] is on the party seeking to vacate the award, and any doubts or uncertainties must be resolved in favor of upholding it."  *Cooper v. WestEnd Capital Mgmt., L.L.C.*, 832 F.3d 534, 544 (5th Cir. 2016).  "The record [here] contains . . . no good faith basis for permitting [Plaintiff] discovery."  *Kimco Birmingham LP v. Third Creek LLC*, No. CIV.A.3:07-CV-1642-O, 2010 WL 147942, at *7 (N.D. Tex. Jan. 14, 2010).

---

[2] Plaintiff also argues Defendant's Motion for Summary Judgment was prematurely considered in violation of Rule 41; Rule 41 is inapplicable.

### Extension of Answer Deadline

Plaintiff next argues, "[w]hen there [are] emails clearly showing ex parte communication initiated by Defendant and that the Defendant miss[ed] the deadline [to answer], a reasonable person is asked to believe that there is no display [of] partiality" (Dkt. #28 at p. 11). Defendant claims the extension of Defendant's answer deadline "is hardly evidence of partiality" (Dkt. #29 at p. 6). The Magistrate Judge found, and Defendant again points out, "[t]he extension of Defendant's deadline cannot be held to display evident partiality. The alleged *ex parte* communication was not with the arbitrator who ultimately determined Plaintiff's claim to be untimely" (Dkts. #26 at p. 14; #29 at p. 7). "Evident partiality is 'a stern standard.' The statutory language seems to require upholding arbitral awards unless bias was clearly evident in the decisionmakers . . . The alleged partiality must be direct, definite, and capable of demonstration rather than remote, uncertain, or speculative." *Cooper*, 832 F.3d at 544. Here, to reiterate, the allegedly wrongful action was not taken by the arbitrator who decided Plaintiff's case. The communications Plaintiff complains of took place prior to the appointment of Arbitrator Lamoreaux, who, in turn, expressly considered this same argument.

### Arbitration Locale

Plaintiff insists the Magistrate Judge failed to consider the evident partiality displayed by the AAA in sustaining Defendant's objection to Atlanta, Georgia, as the arbitration locale (Dkt. #28 at pp. 12–13). Moreover, Plaintiff seemingly argues that the AAA's approval of North Texas as the arbitration locale, against Plaintiff's wishes, initiated a domino effect which led to the appointment of Arbitrator Lamoreaux and the eventual dismissal of Plaintiff's arbitration. Additionally, in an apparent effort to illustrate the disparity of resources between the Parties, Plaintiff proceeds to recount some of the nine factors the AAA considered in selecting Frisco,

Texas as the arbitration venue. Defendant counters, "Plaintiff [again] mistakes legitimate decisions by the AAA for evidence of bias" (Dkt. #29 at p. 7). The Magistrate Judge found that "[m]ere disagreement with the AAA's decision does not show evident partiality or corruption" (Dkt. #26 at pp. 15–16). Upon review, the Court agrees, the AAA conformed with its own rules in selecting the place of arbitration. Plaintiff has not satisfied the stern standard of evident partiality.

## CONCLUSION

Having considered Plaintiff's Objection (Dkt. #28), the Court adopts the Magistrate Judge's Report and Recommendation (Dkt. #26) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Plaintiff's "Motion to Vacate AAA Arbitrator's Order Granting Motion to Dismiss with Prejudice" (Dkt. #12) is **DENIED**.

It is further **ORDERED** that Defendant's Motion for Summary Judgment (Dkt. #13) is **GRANTED**. The Order Granting Motion to Dismiss with Prejudice reached by the arbitrator in AAA Case Number 01-18-0003-3194 is **CONFIRMED**. Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

 **SIGNED this 16th day of March, 2020.**


AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

8